IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACQUELYN O. CLEMENTS,

    Plaintiff,

v.                                                                                                                            No. CIV 22-00062 RB/SCY

ALTO TRUST CO. and ALTO
SOLUTIONS, INC. (d/b/a ALTOIRA),

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 8; 19) and Plaintiff's Motion for Leave to File Second Amended Complaint for Declaratory Judgment (Doc. 23). The Court will grant in part the motion to amend but directs Clements to file a new Third Amended Complaint that complies with Federal Rule of Civil Procedure 8. The Court denies the motions to dismiss without prejudice as described in this Opinion.

**I.    Facts**

In 2020 Plaintiff Jacquelyn Clements, a citizen of Texas, opened a Traditional Individual Retirement Custodial Account (the "Lending Club IRA") with the Lending Club Corporation. (Doc. 18 (FAC) ¶¶ 2–3, 6.) Defendant Alto Trust, a New Mexico corporation with its principal place of business in New Mexico, is the named custodian of the Lending Club IRA. (*Id.* ¶ 3.) Alto Trust has delegated certain administrative functions to Defendant AltoIRA, an entity with its principal place of business in Tennessee. (*Id.*) Clements states that "[i]t is unclear where AltoIRA is incorporated. (*Id.*)

Clements was required to accept the terms of a Custodian Account Agreement (CAA) to open her account with Defendants. (*See id.* ¶¶ 3, 41; Doc. 18-1 at 31.[1]) She asserts that "[t]he CAA is a standard form adhesion contract drafted entirely by Alto Trust that was not subject to any negotiation with [Clements]." (FAC ¶ 41.) The CAA provides that it is governed by New Mexico law. (Doc. 18-1 at 36.) The CAA also contains an Arbitration Provision that is at issue in this lawsuit. (*See id.* at 36–37.) Clements contends that at least three clauses of the Arbitration Provision are unenforceable under New Mexico law. (*See* FAC ¶¶ 42, 44–45.) She also asserts that the CAA contains "disabling civil dispute clauses" and unconscionable provisions as defined by New Mexico law. (*See id.* ¶ 48 (citing N.M. Stat. Ann. §§ 44-7A-1, 44-7A-5).)

Clements was aggrieved by mistakes AltoIRA made in handling two money transfers. (*See id.* ¶¶ 10–40.) After AltoIRA mishandled her money transfers, Clements filed a demand, through her attorney and pursuant to the CAA, for consumer arbitration based on a variety of claims. (*See id.* at 15 ¶ 48.[2]) A panel of arbitrators was appointed in December 2021. (*See* Doc. 22-1 at 16 (citing Doc. 22-2(G)).) "The parties and the AAA panel have had an initial case management conference," and the panel has since entered a scheduling order. (*See id.*; FAC at 15 ¶ 49.) Clements has since declared to the panel that she believes all issues of the Arbitration Provision's validity, arbitrability, and enforceability "should be decided by independent court review." (FAC at 15 ¶ 49.)

---

[1] Because the exhibits are attached to the FAC without separate pagination, the Court will refer to the exhibit number together with the CM/ECF pagination. Thus, Exhibit 18-1 begins at page 31. When Clements files her amended complaint, she is directed to attach the exhibits as separate attachments to her complaint, much as she attached her proposed amended complaint as an exhibit to Document 23. (*See* Docs. 23; 23-1.)
Similarly, the Court refers to the pages in Clements's response to Defendants' motion to dismiss by the CM/ECF page numbers, not by the internal pagination. (*See* Doc. 22-1.)

[2] Clements misnumbered her paragraphs, numbering them 1–54 and then restarting at number 48 on page 15. (*See* FAC.) The Court will refer to any paragraph after the original 54 with both a page number and a paragraph number. When Clements files her amended complaint, she is directed to renumber her paragraphs correctly.

Clements filed her original complaint in this Court, entitled "Motion to Void Standard Form Consumer Contracts with Numerous Unenforceable Disabling Civil Dispute Clauses," on January 27, 2022. (Doc. 1.) Defendants moved to dismiss on February 1, 2022 (*see* Docs. 8; 13), and Clements filed her FAC, entitled "First Amended Complaint for Declaratory Judgment" (FAC) (Doc. 18), on February 9, 2022. Clements properly filed the FAC pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), as it was filed less than 21 days after Defendants filed their motion to dismiss. Accordingly, the Court considers the FAC to be the operative pleading in this case. Defendants filed a motion to dismiss the FAC, incorporating their first motion to dismiss. (*See* Doc. 19.)

On March 15, 2022, Clements filed her response to Defendants' motion to dismiss. (Doc. 22-1.) The next day, she filed a motion to file a second amended complaint. (*See* Doc. 23.) Defendants oppose the motion. (Doc. 25.)

## II.     Legal Standards

### A.     Rule 15 Standard

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)) (internal citation omitted). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted).

**B.    Rule 12(b)(1) Standard**

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal citations omitted)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011) (internal citations omitted)). Here, Defendants argue that the complaint's allegations are insufficient to show that the Court has subject matter jurisdiction based on the amount in controversy requirement.

**III.   The Court denies without prejudice Defendants' motions to dismiss.**

Defendants move for dismissal on a variety of grounds, including Federal Rules of Civil

Procedure 8 and 12(b)(1).³ (*See* Docs. 8; 19.) It also appears that they move to compel arbitration, but they fail to style their brief as a motion to compel or even to flush out an effective argument on this basis. (*See* Doc. 8 at 4 (asking the Court to "compel Clements to the arbitration to which she agreed").) For as much as Defendants complain that the complaint is "prolix," Defendants' motion suffers from the opposite affliction—they present a litany of issues (nine, by Clements's count) with very little argument or legal authority in support of any one basis for dismissal. (*See* Docs. 8; 19; 22-1 at 2.) Still, the Court will take up one preliminary issue from the motions to dismiss, if only to avoid further briefing on the matter: the amount-in-controversy requirement.

      **A.    Clements has met the amount-in-controversy requirement.**

Defendants summarily argue that Clements fails to meet the amount-in-controversy requirement. (Doc. 8 at 12–13.) "'When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff must show that it does not appear to a legal certainty that they cannot recover' the jurisdiction amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (quoting *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)). Clements "can meet this burden by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount." *Id.* (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)). Because "[t]he legal certainty standard is very strict[,] . . . it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." *Id.* (citing 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 97–98 (1998)). "There is a strong presumption favoring the amount

---

³ Defendants equivocate on what standard they move to dismiss, in part because Clements changed the title of her original pleading (titled as a "motion") to her amended pleadings (titled as "complaints"). (*See* Docs. 1; 18; *see also* Docs. 8 at 1 n.1 (moving to dismiss pursuant to 12(b)(6)); Doc. 25 at 4 (asserting that the motion to dismiss was *not* brought pursuant to Rule 12(b)(6)).) Should Defendants file a motion pursuant to Rule 12 in lieu of an answer after Clements files her Third Amended Complaint, they should take care to set out the legal bases of the motion more carefully. In light of the number of exhibits both parties attached to their pleadings and briefs, however, they might consider whether a motion for summary judgment is more appropriate.

alleged by the plaintiff." *Woodmen*, 342 F.3d at 1216–17 (citing *Adams*, 225 F.3d at 1183 (noting that amount alleged in the complaint can alone be sufficient to satisfy showing that it is not legally certain the amount is less than the jurisdictional requirement); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.")). "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Id.* at 1217 (citing 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 98–101 (1998)).

Defendants assert that Clements makes only "naked, conclusory allegations that the amount in controversy exceeds $75,000." (Doc. 19 at 2 (citing FAC ¶¶ 4, 48).) They argue that "the FAC reveals that the substance of the dispute relates only to the time value of delay in each of two completed [money transfers]." (*Id.* (citing FAC ¶¶ 11, 26–27, 29, 37).) Clements responds that if she were to "prevail[] on all her claims at a hypothetical arbitration trial, she would be entitled to potentially $30,596 or more in aggregate compensatory damages, mental anguish, treble damages, and punitive damages." (Doc. 22-1 at 8.) Together with Clements's attorney fees that currently amount to $59,760 and would amount to more after a trial under the lodestar method, Clements contends that she more than meets the $75,000 jurisdictional amount. (*Id.*; *see also* Doc. 22-B.) Defendants do not explicitly refute Clements's position. (*See* Doc. 28 at 6.)

The Tenth Circuit allows plaintiffs to consider attorneys' fees in determining the "amount in controversy for purposes of satisfying the jurisdictional requirement where such fees are provided by statute or contract." *See, e.g.*, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (noting that plaintiff sought attorney fees pursuant to a claim under the New Mexico

6

Unfair Trade Practice Act). And in *Woodmen*, the Tenth Circuit opined that to "determin[e] the amount in controversy in cases seeking to compel arbitration[,]" courts may "look through to the possible award resulting from the desired arbitration to determine the amount in controversy." 342 F.3d at 1217 (quotation marks and citations omitted). This case is somewhat different, as Clements is seeking to avoid arbitration. However, were she to proceed with arbitration and succeed on her claims, she has at least one unfair trade practices claim premised on New Mexico state law that, by statute, would entitle her to attorneys' fees and costs as a prevailing claimant. *See id.* at 1217–18 (discussing N.M. Stat. Ann. § 57-12-10(C)). (*See also* FAC at 15 ¶ 48.) Moreover, the CAA provides that the prevailing party to arbitration "shall recover reasonable attorneys' fees . . . ." (Doc. 18-1 at 37.)

The Court finds that Clements has met her burden to show that she meets the amount in controversy requirement. Defendants' motions will be denied on this issue.

**IV.   The Court will grant the motion to amend in part but directs Clements to file a new "Third Amended Complaint" compliant with Rule 8.**

Clements seeks to amend her complaint to add factual allegations and an additional argument regarding "effective vindication." (*See* Doc. 23 at 4.) Defendants oppose on the basis that the amendment "is inappropriate and unnecessary" where their motion to dismiss is still pending, and because the proposed Second Amended Complaint (SAC) is "prolix" and "not even properly considered a 'pleading.'" (Doc. 25 at 2.) The Court agrees with Defendant in part: Clements's proposed SAC teeters on the edge of noncompliance with Federal Rule of Civil Procedure 8(a).

Rule 8 requires plaintiffs to "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Specifically, Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement,"

Fed. R. Civ. P. 8(a), while Rule 8(d) adds that each allegation in the complaint must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). The Court does not expect perfection in pleadings, but undue "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Mann*, 477 F.3d at 1148 (applying *Garst* to say that "[i]n its sheer length, [the plaintiff] made her complaint unintelligible"). Indeed, "[i]t is not the district court's job to stitch together cognizable claims" from a deficient pleading. *Mann*, 477 F.3d at 1148; *see also Garst*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). As the Second Circuit noted, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988).

"The Federal Rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." *Young v. Hartford Cas. Ins. Co.*, 503 F. Supp. 3d 1125, 1239 (D.N.M. 2020) (quotation marks and citation omitted). "Courts and commentators have concluded that an action for declaratory judgment is an ordinary civil action subject to the Federal Rules." *Id.* (quotation marks and citation omitted). Thus, Clements's complaint should consist of a short and plain statement of her alleged right to relief. Clements's proposed SAC spans 43 pages, most of which are comprised of legal arguments and conclusions that read more like a motion for summary judgment than a pleading. These arguments are unnecessary and inappropriate in the context of a complaint, and they force Defendants and this Court to hunt for the relevant factual allegations and claims for relief. *See, e.g.*, *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (affirming dismissal of complaint "filled with unnecessary legal arguments"); *Freeman v.*

*Raytheon Techs. Corp.*, No. 22-CV-01161-RM-NYW, 2022 WL 2437834, at *2 (D. Colo. July 5, 2022) ("legal arguments are not appropriately raised in a complaint") (citations omitted). The appropriate place to mount legal arguments in support of a court order are in a properly filed motion under Rule 7. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Clements moved to file the SAC very quickly after she filed both the complaint and the FAC, and the Court finds no bad faith or undue delay in the timing of her filing. *See Minter*, 451 F.3d at 1204. And as Clements notes in the reply brief to her motion to amend, Defendants fail to cite even a single case in opposition to her motion. (*See* Doc. 26 at 1–4 (discussing Doc. 25).) Moreover, by granting the motion to amend in part and requiring Clements to file a complaint that complies with Rule 8, Defendants should be better able to respond to her allegations.

In sum, the Court will grant the motion to amend in part and will allow Clements to file an amended pleading; however, the Court dismisses without prejudice the SAC under Rule 8 and directs Clements to file a third amended complaint, including the necessary *factual assertions* discussed in her motion to amend (*see* Doc. 23). *See Valencia v. Bd. of Regents*, No. CV 17-00509 RB/SCY, 2017 WL 4325766, at *2 (D.N.M. Sept. 26, 2017) (noting that "the appropriate way to treat a complaint that violates Rule 8 is to dismiss the complaint—not the action") (citations omitted). Her amended complaint must offer a clearer picture of her claims while trimming the excessive legal argument that is better suited for motion practice. Clements should take care to make this her final amendment.

**V.     Clements must establish complete diversity of the parties.**

Finally, Clements asserts that "[i]t is unclear where AltoIRA is incorporated." (Doc. 18 ¶ 3.) It is Clements's burden as "the party invoking federal jurisdiction" to show that diversity

9

jurisdiction exists. "[A] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quotation omitted). To establish the citizenship of a corporation, Clements must allege "every State and foreign state by which it has been incorporated and . . . the State or foreign state where it has its principal place of business . . . ." *See* 28 U.S.C. § 1332(c)(1); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located."). In short, Clements must allege facts sufficient to establish complete diversity of citizenship. Until she does so, this Court declines to make any further substantive rulings on the parties' rights and obligations.

**THEREFORE,**

**IT IS ORDERED** that Clements's Motion for Leave to File Second Amended Complaint (Doc. 23) is **GRANTED in part**: Clements's First Amended Complaint, the current operative pleading in this case, is **DISMISSED without prejudice** with leave to refile, as outlined in this Opinion, within 21 days.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 8; 19) are **DENIED without prejudice**, and Defendants may refile an appropriate response pursuant to Rule 15(a)(3) within 21 days after Clements files her amended complaint.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE