IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACQUELYN O. CLEMENTS,

    Plaintiff,

v.                                                            Civ. No. 22-62 RB/SCY

ALTO TRUST CO. and ALTO
SOLUTIONS, INC. (d/b/a ALTOIRA),

    Defendants.

## ORDER DENYING MOTION TO STRIKE

       Plaintiff Jacquelyn O. Clements is represented in this matter by her son, attorney Bradford Clements. Doc. 1 at 36; Doc. 39-2. In a brief filed in response to a motion to compel, Defendants referred to Mr. Clements as an "inactive attorney." Doc. 33 at 6. Plaintiff filed the present Motion To Strike Misrepresentation In Defendants' Response To Plaintiff's Expedited Motion, Doc. 34, arguing that Plaintiff's counsel is "active" in the state of Texas, but "non-practicing." Texas rules permit active but non-practicing attorneys to represent immediate family members, such as an attorney's mother. Doc. 34 at 2-3. Plaintiff's counsel argues that Defendants' accusation is harmful and disparaging to him. *Id.*

       Defendants, in their response to Plaintiff's motion to strike, argue that the Court's local rules require Plaintiff's counsel to be actively *practicing* law in a state. Doc. 35 at 2-3. However, the local rules quoted by Defendants only refer to "active status," not the active "practice" of law. D.N.M.LR-Civ. 83.2(f)(1) (a member of the bar of this Court must "remain a licensed member in active status and in good standing of the bar of at least one state . . . ."). Defendants acknowledge that "[t]he State Bar of Texas states that someone may apply for a 'non-practicing exemption' if they have **active status** 'but have not engaged in the practice of law in Texas at any time during their MCLE compliance year.'" Doc. 35 at 3 (emphasis added). Defendants do

not contest that Texas permits a "non-practicing" attorney to nonetheless practice law on behalf of an immediate family member, or that this case fits within that exception. Plaintiff's counsel has provided evidence that the State Bar of Texas considers him to be "active." Doc. 34-3.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By its express language, Rule 12(f) applies only to material contained in a "pleading." Pleadings are defined in Rule 7 and do not include a response to a motion to compel. Fed. R. Civ. P. 7(a). This Court has frequently found that "'[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" *Est. of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 634 (D.N.M. 2013) (citing 2 James Moore, Milton I. Shadurupdates & Mary P. Squiers, Moore's Federal Practice § 12.37[2], at 12-128 (3d ed. 2012)).

Even assuming the Court has the discretion to strike material not contained in a pleading, the Court declines to do so here. Rule 12(f) motions to strike "are not favored, often being considered purely cosmetic or 'time wasters.'" *Est. of Anderson*, 291 F.R.D. at 634 (quoting 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)). The present dispute is not an efficient use of judicial resources. Defendants have filed a notice of errata to correct the allegation in the response brief from "inactive attorney" to "inactive or non-practicing" attorney. Doc. 36. By operation of the disjunctive, this is not false because Plaintiff's counsel agrees he is on "non-practicing" status in Texas.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion To Strike Misrepresentation In Defendants' Response To Plaintiff's Expedited Motion, Doc. 34, is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE